UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVEN STRAUTHER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:23-cv-00440-AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Deven Strauther's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On January 26, 2022, Petitioner pleaded guilty to one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951. The Court accepted Petitioner's plea, and on May 19, 2022, sentenced Petitioner to 100 months' imprisonment.

In his pro se motion under § 2255, Petitioner argues that he is entitled to relief on five grounds: (1) ineffective assistance of counsel; (2) breach of his plea agreement; (3) illegal sentence; (4) lack of subject matter jurisdiction; and (5) failure to properly calculate his offense level and sentencing guidelines range. As the record conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## Background

Criminal Proceedings

    A.    Indictment and Pretrial Proceedings

On May 25, 2019, Petitioner was indicted and charged with Attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count One") and Discharging a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) ("Count Two"). *United States v. Strauther*, 4:19-cr-00546-AGF-1 (E.D. Mo.), ECF No. 22.[1] On May 12, 2021, Petitioner, after discussion with counsel, waived his right to raise pretrial motions. Crim. ECF No. 56.

    B.    Change of Plea

On January 26, 2022, Petitioner pleaded guilty to Count One. As part of the plea agreement, the Government agreed to dismiss Count Two at the time of sentencing. Crim. ECF No. 73 at 1. Additionally, both parties agreed that neither party would request a sentence less than ninety-six (96) months or greater than 120 months. *Id*. at 7–8. The plea agreement reflected the parties' agreement, pursuant to United States Sentencing Guidelines ("USSG") § 2B3.1(a), that the Base Offense Level was twenty (20) and, pursuant to § 2B3.1(b)(2)(A), seven (7) levels would be added because a firearm was discharged. The parties also agreed that three (3) levels should be deducted because Petitioner demonstrated acceptance of responsibility. Thus, the parties agreed that the Total Offense Level was twenty-four (24). Petitioner also agreed to "waive all rights to

---

[1]     References to docket materials from Petitioner's underlying criminal case are cited as "Crim. ECF No. _" throughout.

contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Crim. ECF No. 73 at 8.

As part of the guilty plea agreement signed by both parties, Petitioner also stipulated to the following facts. On May 25, 2019, the St. Louis Metropolitan Police Department received a call for "shots fired" at Robinson's Jewelry, located at 6497 Chippewa Street, St. Louis, Missouri 63109. Upon arriving, officers learned that individuals attempted to rob Robinson's Jewelry. Investigation revealed that Strauther and at least two others drove to Robinson's Jewelry with the intent to commit an armed robbery to obtain jewelry and other property within the business. Strauther and at least one other individual were armed. The men arrived in a gray Infiniti sedan.

Upon arrival, Strauther and another individual exited the Infiniti and approached the business wearing face coverings and armed with semi-automatic weapons. The business is equipped with two entry doors that allow entry into the business. As a security measure, the second door must be opened electronically by the staff. Strauther entered the first door of the business but was not able to gain complete entry into the business because staff did not electronically open the second door. When Strauther was unable to gain entry through the second door, he kicked out the lower portion of the glass on the door to gain entry. Fearing for their safety, the business owner and an off-duty police officer, who were both armed with firearms, fired at Strauther. In response, Strauther discharged his weapon as he and the other individual ran from the business. The men re-entered the Infiniti and fled the area.

3

Approximately thirty (30) minutes after the attempted robbery, Strauther arrived at St. Louis University Hospital, suffering from two (2) gunshot wounds to the abdomen. At that time, Strauther did not make any admissions regarding his involvement in the attempted robbery.  A few days later, officers recovered and processed the Infiniti used in the attempted robbery.  DNA analysis of blood found in the Infiniti identified Strauther as the source of the blood.  An analysis of the Infiniti's hard drive indicated it was present at Robinson's Jewelry on the date and time of the attempted robbery.  In a subsequent interview with detectives, Strauther admitted his involvement in the attempted robbery of Robinson's Jewelry.

At the change-of-plea hearing held on January 26, 2022, the same day the plea agreement was executed, Petitioner represented that he was satisfied with his attorney's performance, that his attorney did everything Petitioner asked him to do, and that there was nothing that Petitioner could think of that his attorney should have done but did not do.  Petitioner confirmed that he understood the terms of the indictment and plea agreement; that he understood the rights he was giving up by pleading guilty, including all of his rights associated with his right to a trial; that he was guilty of the crime to which he was pleading guilty; that if his plea was accepted by the Court, he would be adjudged guilty of those offenses; and that no one had represented any other facts that he was relying on in pleading guilty that he had not discussed with the Court at the hearing.  The Court also discussed the terms of the plea agreement, and Petitioner acknowledged that he agreed to them.  Crim. ECF No. 94 at 10:3–15:19.  The Court found that Petitioner's

plea was knowing, intelligent, and voluntary, and thus accepted Petitioner's guilty plea. *Id*. at 38:8–15.

Relevant to this matter, Petitioner's plea agreement states that he waives "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§ 2255], expect for claims of prosecutorial misconduct or ineffective assistance of counsel."  Crim. ECF No. 73 at 8.  At his change-of-plea hearing, Petitioner further acknowledged that he was giving up his rights under the plea agreement to contest via habeas proceeding either his conviction or sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  Crim. ECF No. 94 at 35:1–9.

On April 29, 2022, the final presentence investigation report ("PSR") was filed, and it reiterated the parties' agreement regarding a sentencing recommendation under the USSG.  The PSR determined that Petitioner's Base Offense Level was twenty (20) and seven (7) levels should be added, pursuant to § 2B3.1(b)(2)(A), because a firearm was discharged.  It also included the Government's recommendation of a three-level reduction for Petitioner's acceptance of responsibility, pursuant to § 3E1.1(a).  The PSR concluded that the guideline range was 100 months to 125 months, but the parties would seek a term of imprisonment between ninety-six (96) and 120 months.  Crim. ECF No. 81 at ¶¶ 9, 79.

C.   Sentencing

On May 19, 2022, the Court held a sentencing hearing at which Petitioner appeared through counsel.  Petitioner confirmed at the hearing that he had reviewed the PSR with counsel.  Crim. ECF No. 96 at 5:5–12.  Neither party made objections

5

concerning the PSR, and the Court granted the Government's motion to dismiss Count Two pursuant to the plea agreement. The Court sentenced Petitioner to 100 months' imprisonment, which was within the sentencing guidelines range and the agreed-upon terms of the plea agreement.

Motion to Vacate

As noted above, Petitioner raises five grounds for relief in his motion under § 2255, though the exact positions that Petitioner takes are hard to discern. Petitioner generally states that his guilty plea was involuntary because his counsel was deficient and because the prosecution threatened him with additional charges. He then separately asserts: (1) ineffective assistance of counsel ("Ground One"); (2) breach of the plea agreement ("Ground Two"); (3) illegal sentence ("Ground Three"); (4) lack of subject matter jurisdiction ("Ground Four"); and (5) inaccurate calculation of his offense level under the USSG ("Ground Five"). Petitioner asks the court to "apply the *Davis* case retroactively and vacate his 924(c) conviction and sentence." Civil ECF No. 1-1.[2]

In response, the Government argues that all of Petitioner's claims are refuted by the record and fail as a matter of law. With respect to Ground One, the Government contends that Petitioner mistakenly relies on the holdings in *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022) for the contention that they preclude the alleged offense level enhancement he ultimately received under § 2B3.1(b)(2)(A) of the USSG. Respondent argues that because *Davis* and *Taylor* do not

---

[2] References to the docket in this action are cited as "Civil ECF No. __" throughout.

6

address enhancements pursuant to § 2B3.1(b)(2)(A), Petitioner's arguments that his counsel should have raised objections to its use in his sentencing calculation must fail. As to Ground Two, the Government argues that Petitioner's plea agreement was not breached because the sentence he received was within the agreed-upon range of ninety-six (96) to 120 months, and the record refutes his claim that the parties instead agreed to recommend a sentence of seventy (70) to eighty-seven (87) months.  Additionally, the Government contends that Petitioner is barred by the plea agreement's post-conviction waiver from raising Grounds Three, Four, and Five, as they pertain to matters other than ineffective assistance of counsel and prosecutorial misconduct.

## Discussion

Under 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions."  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000).

Here, Petitioner knowingly and voluntarily entered into a plea agreement where he agreed to waive his rights to bring challenges to his conviction or sentence except as to claims of ineffective assistance of counsel and prosecutorial misconduct.  In liberally

7

construing Petitioner's motion,[3] the Court finds that Ground One raises a claim of ineffective assistance of counsel and Ground Two raises a claim of prosecutorial misconduct for breach of the plea agreement. Petitioner's Grounds Three, Four, and Five, even when liberally construed, are attacks on Petitioner's conviction and sentence and Petitioner has therefore waived his rights to bring such challenges. To the extent that Petitioner's claims in Grounds Three, Four, and Five relate to his arguments raised by Grounds One and Two, the Court will address those arguments below. But the Court will not separately address Petitioner's claims under Grounds Three, Four,[4] and Five as Petitioner has waived his rights to raise those challenges, and he is therefore not entitled to relief on any of those grounds.

Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, "the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice in

---

[3]   *See United States v. Sandell*, 27 F.4th 625, 630 (8th Cir. 2022).

[4]   Though Petitioner frames Ground Four as a challenge to the Court's subject matter jurisdiction, a review of his argument reveals it is simply another attempt to call into question his sentence using the logic from the *Davis* and *Taylor* cases. To the extent that Petitioner is raising a challenge to the Court's subject matter jurisdiction, this challenge is rejected. The Court had original jurisdiction over his case because the indictment sufficiently alleged a violation of a federal statute. *United States v. Foster*, 443 F.3d 978, 981 (8th Cir. 2006) (finding that "[c]harging [defendant] with offenses against the laws of the United States provided the district court with statutory jurisdiction."); *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."); Crim. ECF No. 21.

8

the context of a guilty plea requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044–45 (8th Cir. 2019) (citation omitted).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1045 (citing *Lee v. United States*, 582 U.S. 357, 358 (2017)). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

Petitioner claims that his counsel was ineffective by failing to "look into the information of [*Davis*] [w]hich [Petitioner] was trying to raise." Civil ECF No. 1-1. Petitioner contends that he informed his trial counsel that the *Davis* case would preclude a sentencing enhancement under 18 U.S.C. § 924(c). Petitioner argues that had his counsel raised a challenge to his charge related to § 924(c) under *Davis* and *Taylor*, Petitioner would not have pleaded guilty but instead would have proceeded to trial. These arguments stem from Petitioner's mistaken understanding that his sentence was enhanced under § 924(c).

Petitioner's sentence was not enhanced under § 924(c).  Instead, the Court used § 2B3.1(b)(2)(A) of the USSG to add seven (7) levels to Petitioner's base offense level for his discharge of a firearm during the attempted Hobbs Act robbery.  Section 2B3.1(b)(2)(A) is applied in instances where a firearm is discharged during the commission of a robbery regardless of whether the firearm was used to commit an act of violence.  Petitioner stipulated to the fact that he discharged a firearm and that he understood the application of § 2B3.1(b)(2)(A) to the charge of attempted Hobbs Act robbery:

> The Court:  And in connection with that, did you, in fact, break out the lower panel of the door, and when shots were fired at you, did you also discharge your firearm?
>
> The Defendant:  Yes, ma'am.
>
> . . .
>
> The Court:  Now, there are certain paragraphs in this plea agreement with respect to the sentencing guidelines. . . .  And in this, the parties are agreeing that the base offense level, where the counting should start, would be at level 20, that seven levels should be added because a firearm was discharged, and the parties are also recommending that two levels be deducted for your acceptance of responsibility, and if you otherwise qualify for it, that a third level be deducted for timely notifying the Government of your intent to enter into a plea.  You understand?
>
> The Defendant:  Yes, ma'am.

Crim. ECF No. 94 at 21:5–8, 25:20–26:6.  Petitioner pleaded guilty to the charges under Count One and the Government dismissed the additional charge under Count Two, the only count invoking § 924(c).  Therefore, Petitioner's premise that § 924(c) was used to illegally enhance his sentence is contradicted by the record.

For this same reason, *Davis* and *Taylor* are inapplicable in the instant matter.  In *Davis*, the United States Supreme Court held that 18 U.S.C. § 924(c)'s residual clause was unconstitutionally vague.  588 U.S. at 470.  In *Taylor*—which was decided after Petitioner's sentencing—the Supreme Court determined that attempted Hobbs Act robberies are not crimes of violence and thus could not be enhanced with charges pursuant to § 924(c)'s elements clause.  596 U.S. at 860.  Neither case is relevant here because Petitioner ultimately did not plead guilty to, nor was he convicted under or sentenced pursuant to, § 924(c).  Petitioner's trial counsel was under no obligation to advance arguments under the *Davis* case because the charge against Petitioner for an alleged violation of § 924(c) was ultimately dismissed as a condition of Petitioner's plea agreement.  In fact, the Government's dismissal of Count Two indicates that, contrary to Petitioner's assertion, his trial counsel may very well have objected to the charge under § 924(c) in light of *Davis*.  Given that the Government dismissed Count Two per the plea agreement negotiated by his trial counsel, the Court is unsure what else Petitioner believes his counsel should have done.

Petitioner has not established that it was reasonably likely that he would not have pleaded guilty to a single count of attempted Hobbs Act robbery had his trial counsel raised some other challenge to the charge in Count Two under § 924(c).  This finding is supported by Petitioner's statements at the change-of-plea hearing that he understood the implication of admitting to discharging the firearm during the robbery, the application of § 2B3.1(b)(2)(A) of the USSG, and his admission that his counsel had done everything that Petitioner had asked him to do.  Petitioner has therefore failed to establish that his

11

trial counsel's actions were deficient or prejudiced him in the context of the plea agreement, and the Court will deny him relief as to his ineffective assistance claim in Ground One.

Prosecutorial Misconduct for Breach of Plea Agreement

The plea agreement was not breached. The record shows that Petitioner entered into the plea agreement knowingly and voluntarily. The plea agreement clearly states that Petitioner and the Government agreed "to recommend a sentence not less than 96 months nor more than 120 months . . . ." Crim. ECF No. 73 at 7. Petitioner acknowledged this range was part of the plea agreement during his change-of-plea hearing. Crim. ECF No. 94 at 15:14–19. Petitioner stated that no one had promised him a particular sentence, and he further agreed that he understood that if anyone had promised him a particular sentence, that was a promise that they could not keep. *Id.* at 25:1–19. Nothing in the record indicates that Petitioner or the Government agreed to recommend a sentencing range between seventy (70) to eighty-seven (87) months, as Petitioner contends in his motion. Petitioner's sentence of 100 months' imprisonment is both within the guidelines range based on his calculated offense level and within the range of the recommended sentence reflected in his plea agreement. Petitioner's argument that his plea agreement was breached therefore fails, and the Court will deny Petitioner relief on the basis of Ground Two.

<u>Evidentiary Hearing</u>

An evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Deven Strauther's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2025.